**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DENISE DAVIDSON,**
                **Plaintiff,**

**-vs-**                                                                           **Case No. 6:08-cv-800-Orl-19KRS**

**BROWN & BROWN INSURANCE**
**OF GEORGIA, INC., MIKE PRICE,**
**JOHN DOES # 1-10,**
                **Defendants.**

_____

# ORDER

This case comes before the Court on the Motion of Defendant Mike Price to Dismiss (Doc. No. 5, filed May 19, 2008) and the Motion of Defendant Brown & Brown Insurance of Georgia, Inc. to Dismiss (Doc. Nos. 4, 4-4, filed May 19, 2008).[1]

Plaintiff Denise Davidson filed this employment discrimination case in the Atlanta Division of the U.S. District Court for the Northern District of Georgia against her supervisor, Mike Price, and her employer, Brown & Brown Insurance of Georgia, Inc. ("Brown & Brown"). (Doc. No. 2.) Both Defendants filed Motions to Dismiss. Brown & Brown requested that the action be dismissed under Federal Rule of Civil Procedure 12(b)(3) because venue was improper. (Doc. No. 4-4 at 1-12.) Price moved for dismissal under 12(b)(6), arguing that individuals cannot be held liable under Title VII and that Davidson failed to state a claim for intentional infliction of emotional distress. (Doc. No. 5 at 4-11.)

---

[1] The filing dates in this Order reflect the dates on which the various documents were added to this Court's docket.

Davidson responded to Brown & Brown's motion by agreeing to transfer the case to this District, mooting Brown & Brown's arguments concerning venue. (Doc. No. 6, filed May 19, 2008.) She has not, however, responded to Price's motion to dismiss. (*See* Doc. No. 1.)

For the purposes of a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from the complaint. *E.g.*, *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds). The Court must limit its consideration to this pleading and the written instruments attached to it as exhibits. Fed. R. Civ. P. 12(d); *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

Price's first argument is well taken. Only employers are liable under Title VII. *Cross v. Alabama*, 49 F.3d 1490, 1504 (11th Cir. 1995); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Davidson sues Price in his individual capacity as a supervisor. (Doc. No. 2 ¶ 6.) Accordingly, Davidson's Title VII claim against Price must be dismissed.

However, Davidson's intentional infliction of emotional distress ("IIED") claim should not be dismissed at this point. To succeed on a claim of IIED under Georgia law, Davidson must establish: (1) that she was subjected to intentional or reckless conduct; (2) that the conduct was extreme and outrageous; and (3) that the conduct was causally connected with (4) severe emotional distress. *Bridges v. Winn-Dixie Atlanta, Inc.*, 335 S.E.2d 445, 447-48 (Ga. Ct. App. 1985); *Robinson*

*v. United Parcel Serv., Inc.*, No. 1:06-CV-2601-RLV, 2007 WL 3484743, at *7 (N.D. Ga. Nov. 14, 2007). Liability for IIED "attaches only where the conduct causing the distress is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Jarrard v. United Parcel Serv., Inc.*, 529 S.E.2d 144, 147 (Ga. Ct. App. 2000)) (internal quotation marks omitted). In the employment context, "[n]egative performance evaluations, demanding business practices, and termination are recognized as common aspects of being employed." *Id.*; *see also Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1229 (11th Cir. 1993) ("Georgia courts have held that an employer's termination of an employee--however stressful to the employee--generally is not extreme and outrageous conduct.").

Davidson alleges that Price repeatedly made "racist, offensive, malicious, derogatory, defamatory and insensitive comments and gestures." (Doc. No. 2 ¶ 17.) She also alleges that Price retaliated by being disparaging and non-responsive to her with regard to work-related issues. (*Id.* ¶ 20.) Finally, Davidson claims that Price "threatened to blackball [Davidson] if she refused to resign . . . ." (*Id.* ¶ 23.) Price argues that this conduct is not sufficiently egregious to maintain a claim of IIED.

At the summary judgment stage, courts have routinely found that instances of verbal abuse and employee mistreatment fail to rise to the level of "extreme and outrageous." *See Lockhart v. Marine Mfg. Corp.*, 635 S.E.2d 405, 407-08 (Ga. Ct. App. 2006) (affirming a grant of summary judgment where a supervisor's racial comments failed to "rise to the requisite level of egregious or outrageous behavior . . . ."); *Hodor v. GTE Mobilnet, Inc.*, 535 S.E.2d 300, 302 (Ga. Ct. App. 2000)

(affirming a grant of summary judgment where a supervisor made comments regarding the plaintiff's facial deformity and her race); *Jarrard*, 529 S.E.2d at 147 (collecting cases).

The evidence discovered in this case might reveal that Davidson's claim merely rests on non-actionable "insults, indignities, threats, annoyances, petty oppressions, [and] other vicissitudes of daily living." *Id.* at 147; *accord* Restatement (Second) of Torts § 46 cmt. d (1968). On the other hand, discovery might also reveal the type of systematic abuse that is recognized as extreme and outrageous conduct. In either case at this stage of the litigation, Davidson's claim must only "be supported by showing any set of facts consistent with the allegations of the complaint." *Twombly*, 127 S.Ct. at 1969. Construing the Complaint in favor of Davidson, it is possible that her claim falls into the line of cases recognizing conduct as sufficiently egregious to state a claim for IIED. *See Jarrard*, 529 S.E.2.d at 148-49 (collecting cases).

Based on the foregoing, the Motion of Defendant Mike Price to Dismiss (Doc. No. 5, filed May 19, 2008) is **GRANTED in part** and **DENIED in part**. Davidson's Title VII claim against Mike Price is **DISMISSED**. The Motion of Defendant Brown & Brown Insurance of Georgia, Inc. to Dismiss (Doc. No. 4, 4-4, filed May 19, 2008) is **DENIED as moot**. Plaintiff has **ten (10) days** to submit an Amended Complaint that is consistent with this Order. If Plaintiff chooses not to amend, the case will proceed on the Complaint (Doc. No. 2) currently before the Court except as stated in this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 7, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record